PETER HSIAO (Bar No. 119881)
ROBIN STAFFORD (Bar No. 200950)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone: (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Defendants
AMERICAN STORES PROPERTIES, INC., and
LUCKY STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA; and CITY OF LODI, CALIFORNIA,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>M & P INVESTMENTS, a California Partnership in Dissolution; et al.,<br><br>　　　　　　Defendants. | Case No.  CIV-S-00-2441 FCD JFM<br><br>**AMENDED ORDER APPROVING SETTLEMENT AND CONTRIBUTION PROTECTION** |
| AND RELATED CROSS-CLAIMS, COUNTERCLAIMS, THIRD-PARTY CLAIMS, AND FOURTH-PARTY CLAIMS. | |

　　　　　Having considered the motion of defendants American Stores, Inc. and Lucky Stores, Inc. (collectively, "ASPI"), and Fred Lewis and Jeanne Lewis ("the Lewises") (ASPI and the Lewises hereinafter collectively, "Settling Defendants") for Good-Faith Settlement Approval (the "Motion") (filed November 14, 2006), and good cause appearing,

　　　　　IT IS HEREBY ORDERED that:

　　　　　1.　　　The motion is granted in all respects.

　　　　　2.　　　The settlement agreement between the Settling Defendants and the Plaintiff City of Lodi, as embodied in the Settlement Agreement and Mutual Release ("Settlement Agreement") set

forth in Exhibit 1 to the Declaration of Robin Stafford in support of the Motion, was negotiated in good faith within the meaning of Section 877 and 877.6 of the California Code of Civil Procedure, and is fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*

3. Section 6 of the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 147 (1996), in pertinent part, is hereby adopted as the federal common law in this case for the purpose of determining the legal effect of the Settlement Agreement.

4. Pursuant to Section 6 of UCFA and Section 877.6 of the California Code of Civil Procedure, any and all claims by any person or entity against Settling Defendants (whether arising under federal, state or local law) for contribution, equitable indemnity, comparative equitable indemnity, or any other "fair share" claims related to or arising out of any matters addressed by the Settlement Agreement ("Matters Addressed") shall be, and hereby are, completely and permanently barred. Matters Addressed shall also include costs incurred by non-parties to respond to directives by or obligations to the City or any government agency respecting the Matters Addressed.

5. Any and all claims asserted or deemed asserted by the City or by any other party against Settling Defendants, or asserted or deemed asserted by Settling Defendants against the City, for the matters addressed in the Settlement Agreement are hereby dismissed with prejudice.

IT IS SO ORDERED.

Dated: November 30, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE