UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA; and CITY OF LODI, CALIFORNIA,<br><br>    PlaintiffS,<br><br>  v.<br><br>M & P INVESTMENTS, a California partnership in dissolution; et al.,<br><br>    Defendants. | NO. CIV. 00-2441 FCD/JFM<br><br><u>ORDER GRANTING WITHDRAWAL AS COUNSEL</u> |

----oo0oo----

    This matter is before the court on a motion to withdraw as counsel of record brought by Michele K. Trausch and Eli R. Makus of the law firm Hanson Bridgett Marcus Vlahos & Rudy LLP ("Hanson Bridgett").[1]  Hanson Bridgett represents defendants and third party defendants Peter P. Bollinger Investment Co., a California limited partnership; Michael J. Bollinger, as Trustee of the Peter P. Bollinger Irrevocable Living Trust Agreement No. One

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

dated January 18, 1980 and the Peter P. Bollinger ten year GRIT; and Peter P. Bollinger, an individual (collectively, "Bollinger").

This complex and protracted action is based on the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, *et seq.* The Hanson Bridgett attorney primarily responsible for handling this litigation for Bollinger and the primary contact with Bollinger was former Hanson Bridgett partner, Michael L.F. Buck. Mr. Buck withdrew from the Hanson Bridgett partnership in 2007 and has severed all ties with the firm. Hanson Bridgett maintains that Bollinger has failed to communicate with other attorneys at the firm, has failed to sign a substitution of attorneys, and has failed to pay amounts owed by it to Hanson Bridgett. For these reasons, Hanson Bridgett asserts that it can no longer effectively represent Bollinger, and, on that basis, requests permission to withdraw as counsel of record.

Local Rule 83-182(d) states the following:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

2

Hanson Bridgett has complied with the requirements of the local rule by providing prior notice to Bollinger of its intent to cease representation of it and has provided Bollinger with a copy of this motion.[2]

In California, an attorney may withdraw as counsel of record if a client's conduct renders it unreasonably difficult for the attorney to represent the client effectively. Cal. R. Prof. C. 3-700(C)(1)(d); See Ferruzzo v. Superior Court, 104 Cal. App. 3d 501, 504 (1980) (holding that an attorney may be able to withdraw as counsel of record for an uncooperative corporate client "without offending the rule against corporate self-representation"). Bollinger's refusal to communicate with its counsel of record, despite counsels' several attempts, makes it unreasonably difficult for Hanson Bridgett to represent Bollinger effectively.

Moreover, California Rule of Professional Conduct 3-700(C)(f) provides that an attorney may request permission to withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees." See Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc., 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (holding that the failure to pay attorneys' fees may be grounds for withdrawal). Hanson Bridgett explains that defendant has not paid for an unspecified amount of fees. Without more, this alone would likely be insufficient grounds for withdrawal, but coupled with Bollinger's other

---

[2] See Trausch Decl., filed Sept. 17, 2007 [Docket #2914] (describing defense counsels' attempts to communicate with Bollinger, as well as each individual clients' relevant addresses).

3

1  failures, this fact favors permitting withdrawal.
2       Finally, in California, withdrawal is proper when the
3  client's interest will not be unduly prejudiced or delayed.
4  <u>Ramirez v. Sturdevant</u>, 21 Cal. App. 4th 904, 915-16 (1994).
5  Here, Bollinger will not suffer injustice or delay if Hanson
6  Bridgett is permitted to withdraw.  The trial has been continued
7  to October 7, 2008 and the next pretrial deadline, disclosure of
8  expert witnesses, is set for January 2008.  Bollinger has
9  sufficient time to retain substitute counsel, should it wish to,
10 and for that lawyer to become familiar with the case and relevant
11 issues.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Accordingly, for the reasons set forth above, Hansen
2 Bridgett's motion to withdraw as attorney of record is GRANTED.
3 Michael J. Bollinger, as Trustee of the Peter P. Bollinger
4 Irrevocable Living Trust Agreement No. One dated January 18, 1980
5 and the Peter P. Bollinger ten year GRIT, and Peter P. Bollinger,
6 as an individual, shall appear in the above entitled case *pro*
7 *per*.  Defendant Peter P. Bollinger Investment Co., a California
8 limited partnership, however, may not appear in this case without
9 counsel.  E.D. Cal. L.R. 83-183(a).  The Clerk of the Court is
10 directed to add Mr. Peter P. Bollinger to the service list, as he
11 is the authorized representative of each of the defendants that
12 Hanson Bridget currently represents;[3] his address is 540 Fulton
13 Avenue, Sacramento, CA 95825.
14  IT IS SO ORDERED.
15 DATED: October 22, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3]  See Trausch Decl. at ¶ 6 (referring to Peter Bollinger as "Paul" Bollinger) (the court assumes counsel's reference was to Peter P. Bollinger, the named individual defendant).

5