UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LODI, CALIFORNIA,<br>　　　　Plaintiff,<br><br>v.<br><br>M&P INVESTMENTS, et al.<br>　　　　Defendants.<br>_____<br>AND RELATED CROSS-CLAIMS<br>COUNTERCLAIMS, THIRD PARTY<br>CLAIMS AND FOURTH PARTY<br>CLAIMS | Case No. CIV-S-00-2441 FCD KJM<br><br>ORDER APPROVING<br>CERTAIN WESTERN PLUME<br>SETTLEMENTS AND BARRING<br>CONTRIBUTION CLAIMS, INDEMNITY<br>AND OTHER CLAIMS PURSUANT TO<br>CERCLA, THE UNIFORM COMPARATIVE<br>FAULT ACT AND FOR DETERMINATION<br>OF GOOD FAITH SETTLEMENT UNDER<br>CALIFORNIA LAW [CALIFORNIA CODE<br>OF CIVIL PROCEDURE § 877.6] |

　　　　The City of Lodi (the "City") and Delano Gotelli, Paul Mariani, Victor Leonardini, and Michael Norris (the "Norge Defendants"); Service Laundry & Dry Cleaners and James Babcock (the "Service Laundry Defendants"); Harman Managers Investment Limited (the "Harman Managers Defendant"); Peter P. Bollinger, Peter P. Bollinger Investment Company, Michael Bollinger as Trustee of the Peter P. Bollinger Ten Year G.R.I.T., Michael Bollinger as Trustee of the Peter P. Bollinger Irrevocable Living Trust, and Spivak-Bollinger Development Company (the "Bollinger Defendants"); Robert O. Bader, Marjorie F. Bader, and the Estate of Harry L. Bader (the

"Bader Defendants"); and First Class Lodi, LLC, Kenneth Meislin, Vera Meislin, the Meislin Family Trust u/d/t March 19, 1999, Mark Mindham, and Kathy Mindham (the "FCL Parties")[1] (collectively the "Settling Western Plume Defendants") have reached final settlement of this matter. After consideration of the City's Motion for Order Approving Certain Western Plume Settlements and Barring Contribution Claims, Indemnity, and Other Claims Pursuant to CERCLA, the Uniform Comparative Fault Act and for Determination of Good Faith Settlement Under California Law [California Code of Civil Procedure § 877.6] ("Motion"), the various statements of non-opposition thereto, and the record as a whole, the Court finds that the settlement, as embodied in the Settlement Agreement and Mutual Releases ("Settlement Agreements"), set forth in Exhibits "A" through "E" to the Declaration of Margaret Dollbaum in Support of the City's Motion, was made in good faith within the meaning of California Code of Civil Procedure section 877.6, and is fair, reasonable, and consistent with the purposes of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*.

The matter having been briefed and submitted for decision, and good cause appearing,

IT IS HEREBY ORDERED that the City's Motion is GRANTED. IT IS FURTHER ORDERED that:

1.  The Settlement Agreements are hereby approved as good faith settlements.

2.  Section 6 of the Uniform Comparative Fault Action ("UCFA"), 12 U.L.A. 147 (1996), in pertinent part, is hereby adopted as the federal common law in this case for the purpose of determining the legal effect of the Settlement Agreements.

3.  The Court further finds and determines that the Settlement Agreements have been entered into in good faith within the meaning of sections 877 and 877.6 of the California Code of Civil Procedure.

4.  Pursuant to Section 6 of the UCFA and section 877.6 of the California Code of Civil Procedure, any and all claims for contribution or indemnity against the Settling Western Plume

---

[1] First Class Lodi, LLC, Kenneth Meislin, Vera Meislin, the Meislin Family Trust u/d/t March 19, 1999, Mark Mindham, and Kathy Mindham are not defendants in this action.

Defendants arising out of the facts alleged in the Fourth Amended Complaint in this action filed by the City, and as further identified and provided for in the Settlement Agreements, the terms of which are incorporated herein, regardless of when such claims were asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to CERCLA or pursuant to any other federal or state law.

5. Pursuant to Section 6 of the UCFA and section 877.6 of the California Code of Civil Procedure, any and all claims for contribution or indemnity against the City arising out of the facts alleged in the Fourth Amended Complaint in this action filed by the City, and as further identified and provided for in the Settlement Agreements, the terms of which are incorporated herein, regardless of when such claims were asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to CERCLA or pursuant to any other federal or state law.

6. All claims asserted by the City against the Settling Western Plume Defendants are hereby dismissed with prejudice.

7. All claims asserted by the Settling Western Plume Defendants against the City are hereby dismissed with prejudice.

IT IS SO ORDERED.

DATED: May 16, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE